IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PAVEL G. PETRASHISHIN,                )
                                      )
           Plaintiffs,                )   No. 3:11-cv-1105-HO
                                      )
      v.                              )   ORDER
                                      )
BAC HOME LOANS SERVICING, LIMITED     )
PARTNERSHIP RECONTRUST COMPANY,       )
N.A.,                                 )
           Defendants.                )
                                      )
_____)

     Pavel  Petrashishin  brings  this  suit  seeking  declaratory

judgment.

     On or about July 11, 2007, plaintiff executed a deed of trust

in which Mortgage Electronic Registration systems, Inc. (MERS) is

listed as the beneficiary, solely as the nominee of the lender,

America's Wholesale Lender.  The deed secures a promissory note

executed by plaintiff for a loan to purchase real property in Happy

1 - ORDER

Valley, Oregon.

On August 20, 2010, MERS assigned the trust deed to defendant BAC Home Loans. BAC then appointed defendant ReconTrust Company as the successor trustee. On April 5, 2011, ReconTrust issued a notice of default and election to sell, setting a sale date of August 17, 2011. It appears that the foreclosure sale has yet to occur.

Plaintiff alleges that ReconTrust lacks authority to conduct a non-judicial sale because MERS assigned beneficial interest in plaintiff's property without recording assignments, in violation of ORS § 86.735(1), and because BAC and ReconTrust failed to file an affidavit of compliance with SB 628, in violation of ORS § 86.737.

Defendants move to dismiss contending that plaintiff is not entitled to equitable relief, that plaintiff cannot cure the default, that there are insufficient allegations of assignments of an unrecorded beneficial interest in the deed, that recording of assignments of the underlying mortgage are not required, and that county records refute the allegation that the necessary affidavit of compliance was not recorded. The motion to dismiss is denied because defendant's motion raises issues more properly determined in a summary judgment motion.

Although it is not apparent from the face of the complaint whether plaintiff can cure the default, a non-judicial foreclosure may only occur if, in addition to a default, the trustee has met certain conditions. One of those conditions is that all assignments of beneficial interest in the trust deed have been

2 - ORDER

properly recorded.  This does not mean that a defaulting borrower may retain the property without ever curing the default, it simply means that either requirements of the trustee must be met or a judicial route must be utilized to foreclose.

Although defendants assert ORS § 86.735(1) does not require recording of beneficial interests in the trust deed, this court has concluded otherwise.   See  Burgett  v.  Mortgage  Electronic Registration Systems, Inc., 2010 WL 4282105 (D.Or. October 20, 2010).   ORS § 86.735 provides that if foreclosure by sale is pursued, all prior unrecorded assignments must be filed in connection with the foreclosure.  Section 86.735(1) specifically provides

> The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated ...

The  foreclosure  statute  specifically  contemplates  **"any** assignments of the trust deed by the trustee **or the beneficiary** and any appointment of a successor trustee" must be recorded. (emphasis added).   Accordingly, a transfer of the mortgage via the note, which is secured by the trust deed, is transfer in a beneficial interest that must be recorded in order to pursue a non-judicial foreclosure.

In essence, MERS has created a system that splits the two interests (in the note and in the deed) to such a degree that the

borrower can be foreclosed upon by a party that has no interest in the payments that the deed secures.     Removing the necessity to record could lead to many problems in the real estate markets, not the least of which is a lack of incentive to enter into a loan modification even if in the best interest of both the lender and borrower.  In addition, such a system could conceivably prevent the borrower from discovering who is the most appropriate party to negotiate such a modification.     As has been noted by MERS, mortgagors are notified of transfers of servicing rights, but not of transfers of beneficial ownership.  Moreover, such a system may lead to profit taking that it is detached from the health of the loan itself, such as may be the case when a mortgage is bundled into a mortgage-backed security.  Given this potential, it is not difficult to see why the legislature saw fit to require recordation prior to a non-judicial foreclosure.

A correct reading of the statute must include all beneficial transfers so as to facilitate negotiations and the proper dissemination of information from all with an interest in the foreclosure.  Plaintiff has alleged that not all transfers have been recorded.  Even though defendants assert all transfers have been recorded, plaintiff must be permitted discovery to test such an assertion.  MERS should be able to  produce such discovery as it has previously noted that these assignments are not part of the public record, but are tracked electronically on MERS's private records.

This interpretation of ORS § 86.735(1) is correct or the cases

4 - ORDER

of <u>West v. White</u>, 307 Or. 296, 300 (1988)(assignment of a note carries with it a security interest in real property because the security is merely an incident to the debt) and <u>U.S. Nat'l Bank of Portland v. Holton</u>, 99 Or. 419, 428 (1921) (the assignment of a mortgage, independent of the debt which it is given to secure, is an unmeaning ceremony) would have to establish that the splitting of the note and the trust deed effectively made the note unsecured and the right to foreclose would be precluded.  This was not the legislature's intention in the Oregon Trust Deed Act.   It simply makes sense to require all transfers to be recorded.   The MERS system could have great benefit in reducing costs to record over and over again, etc., but records must be kept meticulously. Otherwise the purpose of the statute could be eviscerated leading to shoddy paperwork and the sale of valueless loans, unbeknownst to the potential purchasers of such loans.   Without good record keeping, the mortgagor isn't the only one who loses, but so does the last purchaser of the mortgage and the note themselves. Simply put, the note is secured by the deed, and thus assignment of the note is assignment of a beneficial interest in the deed.   The statute requires recordation of that transfer upon foreclosure.

Whether there have been transfers in violation of the Oregon Trust Deed Act is not an issue appropriately resolved on a motion to dismiss.  The motion to dismiss is denied and to the extent that the foreclosure has yet to occur, the court hereby enjoins the sale during the pendency of this action.

5 - ORDER

CONCLUSION

Defendants' request for judicial notice (#8) is granted and, for the reasons stated above, defendants' motion to dismiss (#6) is denied.

DATED this _____ day of April, 2012.

_____
United States District Judge

6 - ORDER